**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4095**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

JOSE ENRIQUE FUNEZ, a/k/a Rick, a/k/a Jose Enrique Funes-
Garay, a/k/a Jose Enrique Funz-Garay,

                 Defendants – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Liam O'Grady, District
Judge. (1:12-cr-00274-LO-1)

Submitted:  August 28, 2013      Decided:  September 30, 2013

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rebecca S. Colaw, REBECCA S. COLAW, P.C., Suffolk, Virginia, for
Appellant.   Neil H. MacBride, United States Attorney, John E.
Sinfelt, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Enrique Funez appeals his conviction after pleading guilty to conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. On appeal, Funez claims that his guilty plea did not comply with Federal Rule of Criminal Procedure 11. Specifically, he contends that he did not give a knowing and voluntary plea because (1) "he did not understand that he was waiving constitutional rights to a grand jury"; and (2) "[t]he Rule 11 Colloquy did not inform [him] that pleading guilty would waive his right to trial." Appellant's Br. 1-2. We affirm.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "'[A] guilty plea is a grave and solemn act to be accepted only with care and discernment.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady, 397 U.S. at 748). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Id. (citation and internal quotations omitted).

2

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting that this "Court has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the district judges below").

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Funez's claims are raised for the first time on appeal, this Court's review is for plain error. See Vonn, 535 U.S. at 59; Olano, 507 U.S. at 731-33; United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). It is therefore Funez's burden to show (1) error; (2) that was plain; and (3) that affected his substantial rights. See Martinez, 277 F.3d at 524. Even then, we retain discretion to notice the error, "which we should exercise only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations and alterations omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); see Martinez, 277 F.3d at 532.

We have reviewed the record and the parties' briefs, and we conclude that Funez has failed to make the required showing. Funez does not show a reasonable probability that, but for any error that potentially may have occurred, he would not have entered his guilty plea.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED